IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROMAN T. TATARINOV,

        Petitioner,

v.

BRIAN BELLEQUE,

        Respondent.

Case No. 3:09-cv-1377-HU

FINDINGS AND RECOMMENDATION

THOMAS J. HESTER
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner Roman T. Tatarinov, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus

1 - FINDINGS AND RECOMMENDATION

proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition should be denied, and this proceeding should be dismissed.

## BACKGROUND

On December 19, 2002, following a jury trial, petitioner was convicted of six counts of Identity Theft in the First Degree, one count of Unauthorized Use of a Motor Vehicle, one count of Felony Fraudulent Use of a Credit Card, one count of Forgery in the First Degree, and one count of Attempted Theft in the First Degree in Multnomah County Case Nos. 020533232 and 02053286. Petitioner's claim in the current proceeding pertains only to his upward departure sentences on counts one and five of Identity Theft in Case No. 020533232.

At the sentencing hearing on February 23, 2002, the court noted that the presumptive maximum sentence for Identity Theft was 13 months. However, on count one of Identity Theft, the court sentenced petitioner to 18 months, finding grounds for an upward departure based on petitioner's persistent involvement. On count five of Identity Theft, the court sentenced petitioner to 18 months, finding that petitioner was on supervised release at the time the crime was committed. The court imposed consecutive sentences on three of the Identity Theft counts, for a total sentence of 49 months' imprisonment. Petitioner did not object to his sentence at the hearing on Sixth Amendment grounds.

2 - FINDINGS AND RECOMMENDATION

Petitioner has served his sentence in Case No. 02533232, but remains in custody on other charges that are not the subject of this petition. Petitioner has yet to serve his term of supervised release on his conviction in Case No. 020533232.

Petitioner filed a direct appeal, submitting his initial opening brief on April 21, 2004. On June 24, 2004, the United States Supreme Court issued Blakely v. Washington, 542 U.S. 296 (2004), determining that an upward sentencing departure based solely on judicial factual findings, as opposed to factual findings determined by a jury, violated the Sixth Amendment. Petitioner subsequently submitted an amended opening brief contending that his upward departure sentence violated the Sixth Amendment under Blakely and should be reviewed as plain error.[1]

The Oregon Court of Appeals initially vacated his Identity Theft sentences, but following the state's petition for review, the Oregon Supreme Court reversed and remanded. State v. Tatarinov, 202 Or. App. 217, 120 P.3d 1253 (2005), vacated, 345 Or. 316, 195 P.3d 64 (2008). The Oregon Supreme Court held that the Oregon Court of Appeals erred by exercising its discretion to review petitioner's sentences, citing State v. Ramirez, 343 Or. 505, 173 P.3d 817 (2007), adh'd to on recons. 344 Or. 195 (2008), and State v. Fults, 343 Or. 515, 173 P.3d 822 (2007). Again considering the

---

[1] Petitioner's appeal was consolidated with 99 other cases raising unpreserved Blakely issues. (Pet. Ex. 103, p. 5.)

issue on remand, the Oregon Court of Appeals concluded that it would not exercise its discretion to review the sentencing error. State v. Tatarinov, 227 Or. App. 161, 205 P.3d 79, rev. denied, 346 Or. 590 (2009). The Oregon Supreme Court denied review.

In the instant proceeding, petitioner alleges one claim for relief: that his Sixth Amendment right to a jury trial was violated when the trial court imposed multiple upward departure sentences based on facts found by the court rather than a jury.

## DISCUSSION

Respondent argues that because petitioner did not preserve his *Blakely* claim at sentencing, the Oregon Court of Appeals declined to hear merits of his claim based on an independent and adequate state procedural rule, and therefore, petitioner's only ground for relief is procedurally defaulted. I agree.

I. **Procedural Default.**

    A.    **Standards.**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-56 (9th Cir. 2004), cert. denied, 545 U.S.

4 - FINDINGS AND RECOMMENDATION

1146 (2005); Chambers v. McDaniel, 549 F.3d 1191, 1195 (9th Cir. 2008). A petitioner also must have presented his federal claims to the state courts in a procedural context in which the merits of the claim will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989)(finding submission of new claim to state's appellate court on discretionary review is not fair presentation).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. Coleman, 501 U.S. at 750; Cook v. Schriro, 538 F.3d 1000, 1025 (2008), cert. denied, 129 S. Ct. 1033 (2009).

Under the independent and adequate state rule doctrine, federal habeas review is prohibited when a state court declined to address a prisoner's federal claims on the ground that the prisoner failed to meet a state procedural requirement. Wainwright v. Sykes, 433 U.S. 72, 81 (1977). A state procedural rule constitutes an adequate procedural bar if it was "firmly established and regularly followed" at the time the rule was applied by the state court. Ford v. Georgia, 498 U.S. 411, 424 (1991); Poland v.

5 - FINDINGS AND RECOMMENDATION

Stewart, 169 F.3d 573, 585 (9th Cir.), cert. denied, 528 U.S. 845 (1999).

Once the state has pleaded the existence of an independent and adequate state procedural ground as an affirmative defense, the burden shifts to the petitioner to place that defense in issue. Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.), cert. denied, 540 U.S. 938 (2003). The petitioner may satisfy his burden by asserting specific factual allegations demonstrating the inadequacy of the state procedure, including citation to authority demonstrating the inconsistent application of the state rule at issue. Id. at 586. Once the petitioner has met this burden, the burden then shifts back to the state, and the state bears the ultimate burden of proving the adequacy of the state procedural rule. Id.

Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Cook, 538 F.3d at 1025.

   B.   Analysis.

        1.   **ORAP 5.45(1) is independent of federal law.**

Under Oregon law, appellate review is governed by Oregon Rule of Appellate Procedure (ORAP) 5.45(1), which provides:

> No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and assigned as error in the opening brief . . ., provided that the appellate court may consider an error of law apparent on the face of the record.

Thus, errors which are not preserved in the lower court will not be considered, unless the error is an "error of law apparent on the face of the record," also known as "plain error." Ramirez, 343 Or. at 508 n.2; State v. Gornick, 340 Or. 160, 166, 130 P.3d 780 (2006).

Determining whether to review an unpreserved error involves a two-step process. Gornick, 340 Or. at 166; Ramirez, 343 Or. at 511-12. First, the appellate court must determine whether the error (1) is one "of law"; (2) is obvious and not reasonably in dispute; and (3) appears on the face of the record. Ailes v. Portland Meadows, Inc., 312 Or. 376, 381, 823 P.2d 956 (1991); Gornick, 340 Or. at 166.

Second, the state court must decide whether to exercise its discretion to consider the claim, taking into account "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." Ailes, 312 Or. at 382 n.6; Fults, 343 Or. at 522; see also Ramirez, 343 Or. at 513-14 (appellate court considering whether to address unpreserved error

7 - FINDINGS AND RECOMMENDATION

must consider whether to do so would advance the ends of justice). "'It is only in rare and exceptional cases that [an Oregon appellate] court will notice an alleged error where no ruling has been sought from the trial judge.'" Gornick, 340 Or. at 166 (quoting Hotelling v. Walther, 174 Or. 381, 385-86, 148 P.2d 933 (1944)).

In this case, at sentencing, petitioner did not object on the ground that his upward departure sentence violated the Sixth Amendment. To be sure, petitioner acknowledged that the issue was unpreserved when he sought to raise it on appeal as "plain error" under ORAP 5.45(1). (Ex. 103, p. 6.)

Although the Oregon Court of Appeals initially agreed with petitioner that it should exercise its discretion to review the unpreserved error, the Oregon Supreme Court vacated that decision and remanded the case for reconsideration, citing its decision in Ramirez.

In Ramirez, the Oregon Supreme Court concluded that the Oregon Court of Appeals erroneously exercised its discretion to review a *Blakely* sentencing error. Ramirez, 343 Or. at 514. The Ramirez court determined that under Ailes, the court must consider whether the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." Id. at 513. Thus, the Ramirez court held that where the appellate court is able to conclude that there would be "no legitimate debate" that a jury would find the

8 - FINDINGS AND RECOMMENDATION

facts necessary to support an upward departure sentence, the state's interest in avoiding unnecessary proceedings outweighs a defendant's interest, and the court may not exercise its discretion to review an unpreserved error. Id.

When applying Ramirez to petitioner's case on reconsideration, the Oregon Court of Appeals determined that on the "persistent involvement" upward departure finding, the record indicated petitioner had "extensive, ongoing involvement in activities related to identity theft and forgery" including prior convictions for both crimes. Tatarinov, 227 Or. App. at 164. The court also noted that on the "on release" upward departure finding, there was no dispute that petitioner committed the crimes at issue while on release "awaiting sentencing in the other case." Id. In sum, the Oregon Court of Appeals concluded that there was "no legitimate debate" concerning the factual predicate of the sentence, and therefore, the court elected not to exercise its discretion. Id.

In the current proceeding, petitioner submits that the Oregon Supreme Court necessarily decided the merits of his Sixth Amendment claim when it recognized that the judicial factfinding constituted plain error. According to petitioner, despite the Oregon appellate courts' disagreement about the proper exercise of its discretion, the courts necessarily recognized the *Blakely* error. Petitioner contends that by recognizing the error, the rule is not independent

9 - FINDINGS AND RECOMMENDATION

of federal law and thus, was sufficient to exhaust the issue for federal habeas review. I disagree for three reasons.

First, the plain error portion of ORAP 5.45(1) permits the Oregon appellate court to act if it sees an error that is obvious and not reasonably in dispute. Ailes, 312 Or. at 381. This type of determination "does not involve the kind of merits analysis which would render the decision dependent on an examination of federal constitutional law." Smith v. Hill, 2011 WL 1085263, *5 (D. Or. Mar. 22, 2011).

Second, interpreting ORAP 5.45(1) as petitioner suggests ignores the second part of the plain error rule-that the court must determine whether to exercise its discretion to hear the case. Ailes, 312 Or. at 382 n.6. As the Oregon Supreme Court recently reiterated, simply recognizing a plain error, or even presuming a plain error exists, does not satisfy ORAP 5.45(1). See State v. Lennon, 348 Or. 148, 154 n.3, 229 P.3d 589 (2010)(en banc)(noting that where the "no legitimate debate" criteria is satisfied, court may not consider the matter under its discretionary authority under ORAP 5.45(1)). The appellate court *must* further engage in a balancing of interests to determine whether it should exercise its discretion and review the merits of an unpreserved plain error under ORAP 5.45(1). It is well settled that it is not the role of this court to reevaluate the state court's determination of how the ends of justice are served under its own rule. See Poland, 169

10 - FINDINGS AND RECOMMENDATION

F.3d at 584 (federal habeas courts lack jurisdiction to review a state court's application of its own procedural rule); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

And third, and perhaps most importantly, interpreting Oregon's plain error rule in the manner suggested by petitioner would completely eviscerate the concept of fair presentation. As Judge Mosman aptly observed in a similar case:

> meaningful substantive merits review as contemplated by the fair presentation requirement of habeas corpus does not include the very cursory review afforded to litigants who unsuccessfully claim plain error of their unpreserved claims. Taking petitioner's argument to its logical conclusion, a litigant could raise any unpreserved [federal habeas] claim whatsoever, ask the Oregon Court of Appeals to review it as plain error, and would automatically receive a "merits decision" for purposes of fair presentation.  Smith, 2011 WL 1085263 at *5 (internal citation omitted).

See also Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(exhaustion doctrine designed to avoid friction between federal and state court systems by providing state court an opportunity to correct its own constitutional errors).

Petitioner's reliance on Mitts v. Bagley, 620 F.3d 650, 656 (6th Cir. 2010), rev.'d on other grounds, 131 S.Ct. 1762 (2011), is misplaced.  In Mitts, the Sixth Circuit noted that typically, a federal court will not address an issue where the state has invoked a state procedural rule, such as contemporaneous objection,

11 - FINDINGS AND RECOMMENDATION

resulting in procedural default of the federal issue. Id. However, the <u>Mitts</u> court also recognized that when the state court proceeds to address the federal Constitutional issue under "plain error," federal habeas review is not precluded. Id. Thus, where the federal issue was considered and decided, the issue has been fairly presented and is not procedurally defaulted.

I find nothing in the <u>Mitts</u> rationale inconsistent with finding ORAP 5.45(1) independent of federal law in this case. It is clear in this case that the Oregon Court of Appeals ultimately determined that petitioner did not satisfy the two-part test for plain error review and did not reach the merits of petitioner's *Blakely* claim.

Likewise, I reject petitioner's argument that ORAP 5.45(1) is interwoven with federal law because the Oregon appellate court's determination was based on an analysis of *Blakely*. Petitioner asserts that ORAP 5.45(1) is interwoven with federal law because the state has made "'application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" <u>Park v. California</u>, 202 F.3d 1146, 1152 (9th Cir.), <u>cert. denied</u>, 531 U.S. 918 (2000)(quoting <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75 (1985)). Several other decisions in this district have rejected petitioner's interpretation of ORAP 5.45(1), and I do the same.

For example, in Nitschke v. Belleque, 2010 WL 5101110, *5 (D. Or. Sept. 14, 2010), adopted, 2010 WL 5102502 (D.Or. Dec. 8, 2010), Judge Panner adopted a decision by Magistrate Judge Clark. In Nitschke, the court concluded that ORAP 5.45(1) precluded federal habeas review of the petitioner's unpreserved *Apprendi* claim. There, the court ruled that the plain error rule as it has been interpreted, did not require an antecedent ruling on federal law. Nitschke, 2010 WL 5101110 at *5. Instead, the plain error rule required the court to consider whether the unpreserved claims are "obvious" and "not reasonably in dispute," and thus was not interwoven with federal law. The Nitschke court reasoned that to interpret ORAP 5.45(1) otherwise would frustrate the exhaustion doctrine:

> any future federal habeas litigant could cite to the plain error exception in order to raise a claim in federal habeas which was not preserved for state appellate review and likely not considered by state courts. Such a result is contrary to the purpose of exhaustion doctrine which is designed to avoid the unnecessary friction between federal and state systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors. Id. (internal citations and quotations omitted).

Accord Lalonde v. Belleque, 2008 WL 803015 (D. Or. Mar. 19, 2008)(finding ORAP 5.45(1) an independent and adequate procedural bar; *Apprendi* claim was procedurally defaulted); Pettit v. Nooth, 2011 WL 2433482 (D. Or. May 12, 2011), adopted, 2011 WL 2413406 (D. Or. Jun. 13, 2011)(same); Gibbs v. Hill, 2008 WL 299070 (D. Or.

13 - FINDINGS AND RECOMMENDATION

Jan. 29, 2008)(same); see also Smith, 2011 WL 1085263 at *5 (ORAP 5.45(1) independent and adequate procedural bar; confrontation clause claim procedurally defaulted).

In short, I find the reasoning from the cases in this district addressing the independence of ORAP 5.45(1) to be sound. Petitioner has failed to establish that ORAP 5.45(1) is not independent of, or is interwoven with, federal law.

### 2. ORAP 5.45(1) has been consistently applied.

Petitioner submits that Oregon Court of Appeals has inconsistently applied ORAP 5.45(1), and thus the rule is inadequate to bar federal habeas review. As support, petitioner cites several cases in which the Oregon Court of Appeals exercised its discretion to review unpreserved *Blakely* errors after Ramirez. See, e.g., State v. Sanders, 229 Or. App. 238, 212 P.3d 512, rev. denied, 347 Or. 44 (2009)(exercising discretion to reach *Blakely* sentencing error because legitimate debate existed concerning facts to support sentencing enhancement); State .v Powell, 225 Or. App. 517, 202 P.3d 903 (2009)(same); cf. State v. Lovern, 234 Or. App. 502, 228 P.3d 688 (2010)(exercising discretion to correct plain error concerning admission of a medical diagnosis).

I reject petitioner's suggestion that because the Oregon Court of Appeals has exercised its discretion in some cases to review a *Blakely* sentencing error that ORAP 5.45(1) has been inconsistently applied. Indeed, simply because an appellant must demonstrate rare

14 - FINDINGS AND RECOMMENDATION

and exceptional circumstances to receive plain error review, and the Oregon Court of Appeals has found such circumstances in some cases, does not mean that the rule has been inconsistently applied. See Moore v. Mills, 2010 WL 3656056, *2 (D. Or. Sept. 15, 2010). It is well settled that a state rule which encompasses the exercise of discretion does not render that rule inadequate. Wood v. Hall, 130 F.3d 373, 376-77 (9th Cir. 1997), cert. denied, 523 U.S. 1129 (1998); see also Williams v. Belleque, 2008 WL 4449880 *5 (D. Or. Sept. 30, 2008)(finding that Oregon rule requiring mistrial motions be timely made was independent and adequate state law ground sufficient to bar federal habeas review); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994)(submitting claim to state's highest court in procedural context in which merits will not be considered absent special circumstances is not fair presentation).

To be adequate, the rule must be firmly established and regularly followed. Rules which have been determined to be inconsistently applied and inadequate typical fall into two categories: (1) rules selectively applied to bar the claims of certain litigants; or (2) rules that are too unsettled such that applying them to the petitioner's case would be unfair. Wood, 130 F.3d at 377.

As petitioner acknowledged in his briefing to the Oregon Supreme Court, his case was one of 99 cases asserting a *Blakely*-type claim for the first time on appeal. (Pet. Exs. 108 & 107 p.

15 - FINDINGS AND RECOMMENDATION

1-3, n.1.) And, as respondent correctly notes, in the vast majority of those 99 cases, the Oregon Court of Appeals determined that it would not exercise its discretion to review the unpreserved *Blakely* errors. See, e.g., State v. Smith, 225 Or. App. 303, 306 201 P. 3d 256, rev. denied, 346 Or. 184 (2009); State v. Morris, 227 Or. App. 27, 30, 204 P.3d 865 (2009), rev. denied, 348 Or. 461 (2010).

Petitioner has not demonstrated that Oregon courts have treated similarly situated litigants differently or that ORAP 5.45(1) has been applied so infrequently that he was confused about whether he needed to preserve his sentencing error in the trial court. Therefore, petitioner has not met his burden of demonstrating the inadequacy of ORAP 5.45(1).

In summary, I conclude that ORAP 5.45(1) is an independent and adequate procedural rule. Petitioner's only claim was expressly rejected based upon this rule, and therefore, petitioner's claim has not been fairly presented to Oregon's highest court. Because petitioner is barred from filing another direct appeal, his claim is procedurally defaulted. See O.R.S. § 138.071 (requiring direct appeals be filed within 30 days of the judgment).

Furthermore, petitioner has failed to demonstrate cause and prejudice to excuse the procedural default, or that a miscarriage of justice will occur if petitioner's claim is not considered. Therefore, petitioner's only claim for relief should be denied.

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#9) should be DENIED, and this proceeding should be DISMISSED, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. See 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due February 6, 2012. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due on February 23, 2012, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 17th day of JANUARY, 2012.

                                               /s/ Dennis James Hubel
                                               Dennis J. Hubel
                                               United States Magistrate Judge